IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,           )
                                    )
v.                                  )   Criminal No. 3:07CR129-HEH
                                    )
LAMONT MARLOE VANDERHORST,          )
                                    )
    Petitioner.                     )

## MEMORANDUM OPINION
(Denying Rule 36 Motion)

Lamont Marloe Vanderhorst, a federal inmate proceeding with counsel, has submitted a Motion for Relief Pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36 Motion," ECF No. 29). Vanderhorst requests that the Court "correct a clerical error that appeared in his Pre-Sentence Investigative Report [("PSR")] and was used in determining his sentence." (*Id.* at 1.) Specifically, Vanderhorst asserts that the PSR contains inaccurate descriptions of a 1991 North Carolina drug offense (hereinafter, "North Carolina Drug Conspiracy Offense") and that said offense was improperly used as a predicate for imposing a career offender enhancement. Vanderhorst further requests that the Court "order a recalculation of his PSR guidelines range and re-sentence [him] based on the corrected information." (Mem. Supp. Rule 36 Mot. 5, ECF No. 30.) For the reasons set forth below, the Rule 36 Motion will be denied.

## I. Procedural History

### A. Sentencing and the Presentence Investigation Report

On September 4, 2007, Vanderhorst pled guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine hydrochloride. (Plea Agreement 1, ECF 14.) On December 7, 2007, the Court entered judgment against Vanderhorst and sentenced him to 327 months of imprisonment. (J. 2, ECF No. 21.) Vanderhorst's sentence was based in part on the Probation Officer's finding that Vanderhorst "qualif[ied] for a sentence enhancement under the Career Offender provision, as defined in § 4B1.1, of the Sentencing Guidelines." (PSR ¶ 28.) The PSR indicated that Vanderhorst qualified for the career offender enhancement because of his "1991 conviction in Wake County (NC) Superior Court for Trafficking in Heroin by Possession, Trafficking in Heroin by Transportation and **Conspiracy to Sell or Deliver Heroin**; and the 1997 conviction in Bergen County (NJ) Superior Court for Distribution of a Controlled Substance." (*Id.*)[1]

Elsewhere, the PSR provided the following description of Vanderhorst's three North Carolina drug convictions:

1) Trafficking Heroin by Possession
Dkt # 91CRS36802
2) Trafficking Heroin by Transportation
Dkt # 91CRS36803
3) **Conspiracy to Sell and Deliver Cocaine**
Dkt # 91CRS36804

---

[1] For ease of reference, the Court places in bold the drug offense that Vanderhorst asserts is incorrectly described in the PSR.

2

(PSR ¶ 18.)

### B. The Correct Description of Vanderhorst's North Carolina Drug Conspiracy Offense

In his Rule 36 Motion, Vanderhorst contends that he was charged with Conspiracy to Traffick Heroin by Transportation, not Conspiracy to Sell and Deliver Cocaine. (Mem. Supp. Rule 36 Mot. 2.)

The record, as supplemented by Vanderhorst, reflects that in North Carolina, in 1991, a grand jury indicted Vanderhorst as follows:

> a) 91 CRS 36802 charged Mr. Vanderhort (sic) with "traffick[ing] by possession more than 14 gram(s) but less than 28 grams of heroin...." (See exhibit 6);
> b) 91 CRS 36803 charged Mr. Vanderhort (sic) with "traffick[ing] by transportation more that 14 gram(s) but less than 28 grams of heroin...." (See exhibit 7); and
> c) 91 CRS 36804 charges Mr. Vanderhort (sic) and Latisha Foster of conspiracy to "traffick by transportation of 14 grams or more but less tha[n] 28 grams of heroin...."
> (See exhibit 1).

(*Id.* at 3 (first and second alterations in original).) Vanderhorst's Judgment and Conviction order reflects that he pled guilty to:

**CONSP[IRACY] TO TRAFFICK HEROIN BY TRANSP[ORTATION]**
TRAFFIC HEROIN [BY] TRANSP[ORTATION]
TRAFFIC HEROIN BY POSSESSION

(*Id.* Ex. 2, at 1(spelling corrected).)[2] The incorrect reference to Conspiracy to Sell and Deliver Cocaine, (PSR ¶ 18), apparently flowed from an inaccurate description of the

---

[2] The plea agreement reduced the amount of heroin at issue to more than 4 grams but less than 14 grams of heroin. (Mem Supp. Rule 36 Mot. Ex. 8, at 1.)

3

offense in the Wake County Superior Court's database, which has since been corrected. (Mem. Supp. Rule 36 Mot. Exs. 4, 5.)

According to Vanderhorst, none of his North Carolina convictions "constitute controlled substance offenses under the USSG § 4B1.2 because none of them include 'manufacture, import, distribution, or dispensing' of heroin as elements of the offense." (Mem Supp. Mot. Correct 3.)

## II. The Scope of Federal Rule of Criminal Procedure 36

Federal Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, clerical errors are narrowly defined. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *see United States v. Brown*, 343 F. App'x 934, 935–36 (4th Cir. 2009) ("Rule 36 does not allow a court to revisit a sentence to apply a downward departure to account for time served, as such a correction is 'aimed at remedying an error of law, not an error of transcription.'" (quoting *Werber*, 51 F.3d at 348)).

The United States Court of Appeals for the Fourth Circuit has sent mixed signals in its unpublished opinions regarding whether errors in a PSR are subject to correction

4

under Rule 36 and whether a court may order a resentencing under that rule. *See United States v. Wilkes*, 376 F. App'x 295, 296 (4th Cir. 2010); *United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008). Nevertheless, binding precedent precludes this Court from ordering a resentencing pursuant Rule 36. *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (observing that "unpublished opinions are not even regarded as binding precedent in our circuit").

In *Wilkes*, the defendant challenged the district court's denial of his Rule 36 Motion. 376 F. App'x at 296. In affirming that decision, the Fourth Circuit stated, "We note that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ("PSR"). Rather, any challenges to a PSR should be filed within fourteen days of receiving the document." *Id.* (citing Fed. R. Crim. P. 32(f)); *see United States v. Kubinski*, 707 F. App'x 195, 195 (4th Cir. 2017) ("Rule 36 motions, however, apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report; such challenges must be filed within 14 days of receiving the report." (citing Fed. R. Crim. P. 32(f))); *accord United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015).

Nevertheless, in *Powell*, the Fourth Circuit endorsed the use of Rule 36 to correct substantive errors in a PSR. Powell was convicted of trafficking in illegal drugs and was sentenced as a career offender to 360 months of imprisonment. 266 F. App'x 264. Powell qualified as a career offender based on two prior Maryland felony convictions of a controlled substance offense. *Id.* The Fourth Circuit noted that "a conviction for mere

5

possession of controlled substances does not qualify as a 'controlled substance offense' under § 4B1.1 because it is not accompanied by the intent to manufacture, import, export, distribute, or dispense, as required by the language of § 4B1.2." *Id.* at 265 (citing *United States v. Neal*, 27 F.3d 90, 92 (4th Cir. 1994)).

Years after Powell's conviction became final, "Powell's counsel discovered that because of a clerical error in the state court, one of Powell's predicate offenses did not qualify as 'a controlled substance offense' under U.S.S.G. § 4B1.1(a)(3)." *Id.* Specifically, although in 1989 Powell had pled guilty to

> conspiracy to *possess* a controlled dangerous substance, the state court's docket entry erroneously recorded that Powell was convicted . . . [of] conspiracy to violate the controlled dangerous substance laws, a broader offense. As a result of the error, Powell was improperly sentenced as a career offender under the Sentencing Guidelines because he did not have two qualifying predicate offenses.

*Id.*

The Fourth Circuit acknowledged that the "important interest of finality in judicial proceedings requires that judicial and substantive errors in cases be laid to rest after specified time periods." *Id.* Nevertheless, the court then concluded that "when an error is purely a 'clerical error in a judgment, order, or other part of the record,' the policy of finality is trumped and a court is authorized to correct the error *at any time.*" *Id.* at 266 (citing Fed. R. Crim. P. 36). The Fourth Circuit then remanded the case to the district court with instructions "to correct the error in reporting Powell's predicate offenses under Federal Rule of Criminal Procedure 36 and then to resentence him in accordance with the

6

corrected record." *Id.*; *see United States v. Wolfe*, 215 F.3d 811, 812 (8th Cir. 2000) (permitting resentencing under Rule 36); *United States v. Holley*, 604 F. App'x 338, 338 (5th Cir. 2015) (concluding that "[a] PSR is considered part of the record that may be corrected under Rule 36" (citing *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014))).[3]

Although it is unclear from the cases cited above whether Rule 36 may be used to correct a PSR, binding authority from the Fourth Circuit precludes this Court from using the error in Vanderhorst's PSR to substantively alter his sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). In *Goodwyn*, the district court granted a defendant's motion for relief under 18 U.S.C. 3582(c)(2) and reduced his sentence by twenty-four months. *Id.* at 234. More than seven months later, the defendant requested that the district court further reduce his sentence. *Id.* The district court treated the request as a motion for reconsideration, which it granted, and reduced the defendant's sentence by another twenty-four months. *Id.*

The government appealed the second reduction of the defendant's sentence and the Fourth Circuit reversed because it concluded the district court lacked any authority to take that action. *Id.* at 235. In doing so, the Fourth Circuit implicitly rejected the notion that Rule 36 provides a mean for substantively altering a sentence. Specifically, the

---

[3] Although the Fifth Circuit concluded that Rule 36 could be used to correct an error in a PSR, it rejected the suggestion that Rule 36 could be used to amend a sentence based upon an error in a PSR. *McKay*, 757 F.3d at 200 (alterations in original) (citation omitted) ('[l]et it be clearly understood that Rule [36] is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes . . . and no new additional legal perambulations which are reachable through' Rule 36.").

7

Fourth Circuit concluded that, "Section 3582(c) bars a district court from modifying a sentence 'unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 *expressly* permits the court to do so.'" *United States v. Hall*, 644 F. App'x 274, 276 (4th Cir. 2016) (citing *Goodwyn*, 596 F.3d at 235). Absent from the above list is any suggestion that Rule 36 provides a means for altering a defendant's sentence. In *Goodwyn*, when the "district court modified a sentence without meeting one of these three exceptions, [the Fourth Circuit] held that the district court acted without authority." *Id.* (citing *Goodwyn*, 596 F.3d at 235–36).

The weight of authority from other circuits also supports the conclusion that Rule 36 cannot be used to substantively change a sentence. *See Mackey*, 757 F.3d at 200; *United States v. Johnson*, 571 F.3d 716, 717–18 (7th Cir. 2009) (finding that the district court did not have authority to correct calculation error in the presentence report pursuant to Rule 36); *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (citations and internal quotation marks omitted) ("It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence."); *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (citation omitted) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing."); *United States v. Blackwell*, 81 F.3d 945, 948–949 (10th Cir. 1996) (citations omitted) ("Rule 36 gives the court authority to correct clerical-type errors . . . but does not give the court authority to substantively modify a Defendant's sentence.").

It is plain in light of the above authority that this Court may not order a resentencing based on the incorrect description of Vanderhorst's North Carolina Drug Conspiracy Offense. Further, the Memorandum Opinion provides a correct description of the North Carolina Drug Conspiracy Offense. Given these foregoing circumstances, Vanderhorst's failure to move to correct the PSR's description of the North Carolina Drug Conspiracy Offense within the time required by Fed. R. Crim. P. 32(f), and in light of the nonobligatory language of Rule 36, the Court declines to provide further relief on Vanderhorst's Rule 36 Motion. Accordingly, the Rule 36 Motion (ECF No. 29) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb. 23, 2018
Richmond, Virginia